UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT A. MERRITT,

    Plaintiff,

v.

    Case Number 12-13860
    Honorable Thomas L. Ludington

ELAN FINANCIAL SERVICES,

    Defendant.
_____ /

# OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Credit is essential to a healthy economy. In enacting the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., Congress recognized this. *See* § 1681(a). But, Congress also recognized, "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." § 1681(a)(4).

To protect consumers' privacy, Congress limited the permissible uses of consumer credit reports. 15 U.S.C. § 1681b(a). One, sensibly enough, is "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer." § 1681b(a)(3).

Here, the undisputed evidence is that Defendant Elan Financial Services accessed Plaintiff Scott Merritt's credit report for this purpose. Consequently, Elan is entitled to judgment as a matter of law.

# I

## A

On June 11, 2012, Plaintiff completed an online application for a "Key Bank Mastercard business credit card." Feriancek Decl. ¶ 3, *attached as* Elan's Mot. Summ. J. Ex. A. The application provided that Plaintiff agreed to authorize "Elan Financial Services to obtain a consumer credit report and a business credit report for use in assessing his personal creditworthiness in connection with [his] application." *Id*. ¶ 5 (ellipses omitted); *see also* Feriancek Decl. Ex. 1 (attaching sample application).

The same day that Plaintiff completed the application, Elan accessed Plaintiff's credit report from Experian. *See* Feriancek Decl. Ex. 2. It did so because Elan serviced Key Bank's credit card applications and Plaintiff applied for a credit card from Key Bank. Feriancek Decl. ¶ 3–6. Elan's sole purpose in accessing Plaintiff's credit report was to check his eligibility for the KeyBank card. Feriancek Decl. ¶ 6.

June 11, 2012, was also the last time that Elan accessed Plaintiff's credit report. *Id*. ¶ 7. Concluding that Plaintiff was not eligible, Elan then denied the application. *Id*.; *see also* Feriancek Decl. Ex. 2 (attaching letter denying Plaintiff's application).

This litigation ensued.

## B

In August 2012, Plaintiff filed a pro se complaint against three defendants — Experian, Wanda Williams, and Elan — asserting that they "are in violation of the FCRA in multiple sections." Compl. ¶ 1, ECF No. 1. Plaintiff elaborates: "I was a documented identity theft victim. However, in spite of this well documented fact the alleged case agents has [sic]

intentionally and malicious [sic] acted with calis [sic] disregard and intentionally tried to inflict maximum financial harm." *Id.*[1]

Subsequently, Plaintiff agreed to dismiss his claims against Experian and Ms. Williams. ECF No. 26.  The complaint's allegations regarding Elan are concentrated in paragraph seven, which provides in part:

> This company has perpetuated its own illegal actions in addition to inserting unauthorized inquiries on my report multiple times.  They have additionally told potential clients they work with not to do business with me and used information present as a result of the original identity theft and even before this identity theft became known.  This information is both incorrect and several decades old and for them to perpetuate this information to third parties even though they are the clients of Elan a financial service far exceed any reporting statute of limitations and is illegal.  As per the FCRA the longest something even if it was accurate which it is not can be used 6–7 years some of the false hoods [sic] prior to the identity theft which are in fact false are a decade or longer old.  First to use such information even was [sic] accurate is illegal due to age.  Secondly, items in question are false which makes the action malicious and tortious with the sole purpose of inflicting emotional and financial distress and defamation of character and will not go unaddressed.  It is specifically specified that Elan financial is in no way steer [sic] its clients away from doing business with me and under no circumstances continue to disseminate both false and statutory expired information whether accurate or not.  This is direct violation of the Equal credit opportunity act and FCRA.  It is specific performance requested that Elan Financial services not underwrite any future applications for its clients that involve me and in the future should it become known that a potential client is considering doing business with me that they recuse themselves from being evolved [sic] in the credit transaction in any fashion and failure to do so will result in additional legal action.  It is further order [sic] that damages be paid for the damages they have caused me in this regard as relates to local and regional vendors they do business with that because of this prior bad act or series of bad acts of disseminating this information will now never do business with me.  This is a damage that can never be rectified as now that this information has been disseminated to these parties they have it and can use it as they wish.  This is a violation of the FCRA, ECOA as well as numerous privacy law provisions and as such must be enumerated [sic] for this permanent incurable loss.

---

[1] Plaintiff also filed an application for leave to proceed in forma pauperis.  ECF No. 2.  The application was granted.  ECF No. 4.

*Id*. ¶ 7. In tension with this paragraph's allegation that Elan made "unauthorized inquiries on [Plaintiff's] report multiple times," however, the complaint identifies just one "inquiry" conducted by Elan. That inquiry, the complaint specifies, was made on June 11, 2012. *Id*. ¶ 6.

**B**

The case was referred to Magistrate Judge Charles Binder for general case management pursuant to 28 U.S.C. § 636. ECF No. 3. Plaintiff, as he did in the six other lawsuits that he filed in this Court over a three month span,[2] filed a document objecting to Judge Binder exercising the authority that § 636 granted him. ECF No. 7. Plaintiff wrote that he believed Judge Binder "exhibited judicial bias on other matters of recent [sic] that are unrelated and based on this fact; there is no confidence in his ability to remain objective in the matters involved."[3] Pl.'s Objection to Order of Reference 1, ECF No. 7.

**C**

**1**

Elan moved for summary judgment. ECF No. 17. Regarding Plaintiff's FRCA claim, Elan asserted that it is entitled to judgment as a matter of law because it accessed Plaintiff's credit report for a permissible purpose and, moreover, the FCRA does not apply when a person's credit information is used for a business purpose. Elan's Mot. 2–5.

---

[2] Plaintiff's cases include *Merritt v. Lexis Nexis*, 12-cv-12903 (filed July 2, 2012); *Merritt v. Isaguirre*, 12-cv-13717 (filed Aug. 22, 2012); *Merritt v. Internal Revenue Service*, 12-cv-14233 (filed Sept. 24, 2012); *Merritt v. Lauderbach*, 12-cv-14141 (filed Sept. 18, 2012); *Merritt v. Companies, Inc*., 12-cv-14366 (filed Oct. 2, 2012); *Merritt v. National ID Recovery, LLC*, 12-cv-14370 (filed Oct. 2, 2012); and this case, *Merritt v. Experian*, 12-cv-13860 (filed Aug. 31, 2012).

[3] In the objection filed in this particular case, Plaintiff does not elaborate on what he believes illustrates Judge Binder's bias. Reviewing the related objections that Plaintiff has filed in his six other cases, however, it becomes clear that the principal source of his frustration is Judge Binder performing his duties under 28 U.S.C. 1915(e)(2)(B), which provides that a court "shall dismiss" an in forma pauperis complaint that "fails to state a claim on which relief may be granted." *Id*.; *see, e.g*., *Merritt v. Lexis Nexis*, 12-12903, 2012 WL 6725881, at *1–2 (E.D. Mich. Dec. 27, 2012) (analyzing Plaintiff's demand for Judge Binder's recusal); *cf. Merritt v. Lauderbach*, 12-13645, 2013 WL 1148410, at *1–3 (E.D. Mich. Mar. 19, 2013) (analyzing Plaintiff's demand for both Judge Binder's recusal and my recusal as well).

Regarding Plaintiff's Equal Credit Opportunity Act claim, Elan asserted that there is no evidence that Elan discriminated against Plaintiff "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1), *quoted in part in* Elan's Mot. 5–6.

Elan supported its motion with the affidavit of its vice president, Scott Feriancek.

**2**

Plaintiff opposed Elan's motion. ECF No. 19. Denying that he had ever applied for a credit card from Key Bank, Plaintiff wrote: "Given no credit application for business credit application was submitted by me the prevailing law is in fact the FCRA as it was my personal credit that was accessed and the statute of frauds in accordance I am entitled to injunctive relief of these falsehoods presence on my personal credit report, and monetary relief." Pl.'s Resp. to Elon's Mot. Summ J. 1.

In support of his motion, Plaintiff attached a number of letters he sent to various entities. For example, he attached copies of letters he sent to Experian in May 2011, June 2012, August 2012, and October 2012 threatening various forms of legal action, including criminal prosecution. *See, e.g.*, Letter from Scott Merrit to Experian (undated) ("Please be advised, if you ignore this letter and do not delete the inquiries criminal charges will be filed. I have already filed a FEDERAL action against you."), *attached as* Pl.'s Resp. Ex. 1.

Plaintiff also attached two letters that he sent to Elan (one undated, one dated September 2012, one month after this suit was filed). And Plaintiff attached a letter he received from Elan explaining that "the inquiry in question was a direct result of receiving an application in your name for a Key Bank Business Mastercard credit card with Keybank NA." The letter continued: "However, if you did not submit an application and feel that you have been the victim of Identity

Theft, please complete and submit the Identity Theft Claim in writing. Enclosed please find an Identity Theft Affidavit that needs to be fully completed."

Plaintiff did not, however, produce any evidence contradicting the sworn declaration produced by Defendant that Plaintiff did in fact apply for a credit card from Key Bank. Plaintiff did not, for example, offer a declaration or affidavit of his own. Nor did he offer any deposition testimony, interrogatory responses, or other material putting this fact in issue.[4]

**3**

Judge Binder issued a report recommending granting Elan's motion. ECF No. 30. Plaintiff objects. ECF No. 30.

**II**

Before reaching the substance of Plaintiff's objections to the report and recommendation, however, his objection to the case reference to Judge Binder must be addressed.

A hearing was conducted concerning Plaintiff's objection to Judge Binder's involvement in Plaintiff's cases in December 2012. *See Merritt v. Lexis Nexis*, 12-12903, 2012 WL 6725881, at *2 (E.D. Mich. Dec. 27, 2012). At that hearing, Plaintiff explained that he believes that Judge Binder was previously involved on behalf of the Internal Revenue Service in some of Plaintiff's litigation with that entity. That, Plaintiff asserted, is why Judge Binder is biased against him. When asked for details about that litigatoin, Plaintiff could not provide an exact date, but he assured the Court that Judge Binder represented the IRS and that there was a "longstanding history of hatred" between them.

As the Court noted in its prior opinion overruling Plaintiff's objection in *Merritt v. Lexis Nexis*, Plaintiff has evidently confused Judge Binder with someone else. *See id.* Judge Binder

---

[4] Likewise, Plaintiff did not allege (much less establish) that he completed Elan's identity theft claim form or affidavit or both.

-6-

was appointed to his current position in October 1984. He has dutifully served in that capacity since that time. Plaintiff was born in 1972, so unless he was involved with IRS disputes before his twelfth birthday, he is simply mistaken about his prior contacts with Judge Binder. Perhaps Plaintiff has confused Judge Binder with Charles E. Binder of Binder & Binder, "America's Most Successful Social Security Disability Advocates." Perhaps he has confused Judge Binder with yet another attorney. Whatever the case, however, the Binder that Plaintiff claims to have come in contact with some time ago is not the Judge Binder of the Eastern District of Michigan. That gentleman has never been involved with Plaintiff in any capacity aside from the current cases pending on this Court's docket.

Further, even if Plaintiff's allegations had merit, filing letters on the Court's docket is not the appropriate solution. The Judicial Conference of the United States Committee on Judicial Conduct and Disability is fully capable of handling this type of dispute. The process is governed by the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351–64, and the *Rules for Judicial–Conduct and Judicial Disability Proceedings*, 248 F.R.D. 674 (2008).

Plaintiff's objection to Judge Binder's involvement in this case will in no way affect the Court's disposition of this case.

### III

Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id*. The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

**III**

Plaintiff's objections span three single-spaced pages. They do not, however, identify any errors in Judge Binder's report.

**A**

To establish a claim of improper use or acquisition of a credit report, a plaintiff must show three things: "(i) that there was a 'consumer report' within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006) (citing *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002); *Gillom v. Ralph Thayer Auto. Livonia, Inc.*, 444 F.Supp.2d 763, 771 (E.D. Mich. 2006).

The permissible statutory purposes, as noted, are enumerated in 15 U.S.C. § 1681b(a). One is "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer." § 1681b(a)(3). Another is to use the information "in connection with a business transaction that is initiated by the consumer." § 1681b (f)(i).

Here, the undisputed evidence is that Elan accessed Plaintiff's credit report for these purposes. *See* Feriancek Decl. ¶¶ 3–6. Elan is entitled to judgment as a matter of law on Plaintiff's FCRA claim.

Arguing against this conclusion, Plaintiff objects "that the actual report originated by Key Bank was fraudulent, Plaintiff never made a business credit inquiry with Key Bank, and that said inquiry also resulted in a personal credit inquiry which was unauthorized by him." Pl.'s Objections 2. Plaintiff does not, however, support his assertion with any evidence.

Under the familiar summary judgment standard of Federal Rule of Civil Procedure 56, the movant has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The burden then shifts to the nonmovant who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). But the nonmovant must do more than set out facts — he must support them with evidence:

> A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1)(a) (formatting omitted). Here, as noted, Plaintiff offers no such support for his assertions that he "never made a business credit inquiry with Key Bank" and "that the actual report originated by Key Bank was fraudulent." He simply does not carry his burden under Rule 56. His objection will be overruled.

**B**

The Equal Credit Opportunity Act prohibits discrimination "on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). As Judge Binder cogently observed, Plaintiff's complaint does not state a claim under this act because it "does not allege that he was treated differently based on any of the suspect categories listed above." Report and Recommendation 6. Plaintiff does not object to this conclusion, and the Court is under no obligation to review the portions of the report to which no objection was made.

**IV**

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 28) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections (ECF No. 30) are **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment (ECF No. 17) is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 2, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Scott A. Merritt, at 2014 N. Saginaw Road #305, Midland, MI 48646 by first class U.S. mail on May 2, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS